| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| **United States District Court, Northern District of Illinois** |

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3673 | **DATE** | 8/29/2002 |
| **CASE TITLE** | \multicolumn{3}{l|}{Moran vs. Commissioner of IRS} |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 9/11/02 at 11:00AM.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court denies IRS's motion to dismiss.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | CV | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK J. MORAN,                    )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )   00 C 3673
                                     )   Judge George M. Marovich
COMMISSIONER OF INTERNAL             )
REVENUE SERVICE OF THE               )
UNITED STATES OF AMERICA,            )
                                     )   **DOCKETED**
        Defendant.                   )
                                         AUG 3 0 2002

MEMORANDUM OPINION AND ORDER

Plaintiff Patrick J. Moran ("Moran") filed a complaint against the Commissioner of Internal Revenue Services of the United States of America ("IRS") disputing the underlying tax liability announced at his Section 6330 collection due process hearing. 26 U.S.C. § 6330. The IRS moved to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court denies the IRS's Motion to Dismiss.

BACKGROUND

The Complaint alleges the following facts which, for the purposes of ruling on this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On July 28, 1993, the IRS sent Moran a Sixty Day Notice for taxes owed for periods ending December 31, 1991, March 31, 1991 and December 31, 1992. On September 9, 1993, Moran responded by sending a letter announcing his protest of the amount. As a result, on September 21, 1993, the IRS sent Moran a letter explaining that his earlier

17

protest letter was missing necessary information and that he must send a new letter with the requested information by October 20, 1992. Moran did not respond by that time. Accordingly, on April 11, 1994, the IRS sent Moran an Assessment Letter restating the amount he owed. On May 11, 1994, Moran responded by requesting an Abatement Form. On September 15, 1995, the IRS rejected his abatement request and restated the amount Moran owed.

In addition, on July 27, 1995, the IRS sent a new Sixty Day Notice for the periods ending September 30, 1993, December 31, 1993, March 31, 1994 and June 30, 1994. On September 14, 1995, Moran sent a letter protesting the amount owed. On May 16, 1996, the IRS sent Moran an Assessment Letter restating what he owed. On July 15, 1996, the IRS sent Moran a Final Notice of Intent to Levy.

However, on February 13, 1997, the IRS sent a duplicate Sixty Day Notice for the same amounts. On June 27, 1998, Moran protested the amount. As a result, the IRS realized the assessments were duplicative (which originally totaled $70,857.04) and through a series of letters, dated August 31, 1998 (amount changed to $50,710.42), November 2, 1998 (amount changed to $26,615.71) and November 16, 1998 (amount changed to $12,379.75), reduced the amount he owed accordingly.

On January 28, 1999, the IRS sent Moran a Final Notice of Intent to Levy and Notice of His Right to a Hearing. On February 13, 1999, Moran responded by requesting a collection due process hearing regarding all assessments made against him. On April 6, 2000, an IRS Revenue Officer conducted a collection due process

2

hearing and on May 17, 2000, the IRS Revenue Officer issued a decision stating that Moran owed the monies.

## DISCUSSION

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiffs, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). Dismissal is proper only if it appears beyond a doubt that plaintiffs can prove no set of facts in support of a claim which would entitle them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The IRS contends that the Court does not have jurisdiction to hear this case because the underlying tax liability heard by the IRS agent at Moran's Section 6330 collection due process hearing was invalid under Section 6330(2)(b) of the Internal Revenue Code. Section 6330(2)(b) states:

> (B) Underlying liability - The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or <u>did not otherwise have an opportunity to dispute such tax liability</u>.

26 U.S.C. § 6330 (emphasis added). Therefore, the primary issue here is whether Moran had an opportunity to dispute such tax liability before the date of the hearing. In essence, the IRS states the tax liability disputed was never supposed to be raised in the hearing and that Moran had the opportunity to dispute the tax liability at various times prior to the hearing. Moran contends that he did not have the opportunity to dispute this tax

3

liability because when he did dispute the amount, the IRS would continually change the amount owed without a clear explanation of how they arrived at that new amount. This case presents this Court with an issue of first impression.

The first question to be addressed is whether the underlying tax amount was properly before the hearing officer in the first place. Attached to Moran's February 13, 1999 Request for a Collection Due Process hearing was a "Basis for Appeal" which explained that Moran was making the request for a hearing to review the records and proper correction made to arrive at the amount the IRS claimed he owed at that point. If these issues should not have been presented at hearing, the IRS should have notified him prior to the hearing. In addition, the hearing officer could have refused to address the issues if she thought they were not properly brought. However, the IRS officer addressed and ruled on these issues at the hearing and therefore, it is only fair that the IRS be bound by this decision, as Moran thought he was by bringing this case.[1]

Furthermore, this Court finds that Moran "did not otherwise have an opportunity to dispute such tax liability"; therefore, his claims were properly before the hearing officer. Because the IRS changed the amount three times after Moran sent his rejection letter and before the collection due process hearing (as well as

---

[1] Note that the Notice of Determination, dated May 17, 2000, states that Moran has the option of disputing the determination of the court by filing a complaint in the United States District Court within 30 days of the determination, for a redetermination of disputed amount.

4

other times in the process), the Court agrees with Moran that he did not have an opportunity to sufficiently dispute the underlying tax liability. Therefore, looking at the allegations in light most favorable to the non-movant, the Court finds that this claim is sufficient to withstand IRS's Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Court denies IRS's motion to dismiss.

ENTER:

George M. Marovich
United States District Judge

DATED: August 28, 2002