# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3673 | **DATE** | 8/25/2004 |
| **CASE TITLE** | Moran vs. Commissioner of IRS | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The IRS's motion for summary judgment is granted. All pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICK J. MORAN,               )
                                )
              Plaintiff,        )
                                )
                                )  No. 00-3673
v.                              )
                                )  Judge George M. Marovich
                                )
COMMISSIONER OF INTERNAL        )
REVENUE SERVICE OF THE          )
UNITED STATES OF AMERICA        )
              Defendant.        )

DOCKETED

AUG 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Patrick J. Moran ("Moran") filed a Complaint for review of the Notice of

Determination of the decision issued by the IRS following a Collection Due Process ("CDP")

hearing. Presently, Defendant Commissioner of Internal Revenue Service of the United States of

America (the "IRS") brings a Motion for Summary Judgment to affirm the appeals officer's

determination upholding the IRS's proposed collection action. For the following reasons, the

Motion for Summary Judgment is granted and the officer's determination upholding the IRS's

proposed collection action if affirmed.

## BACKGROUND

The IRS contends that Moran's company, Multi-Label and Stencil Co., Inc. (the

"Corporation") was delinquent in payment of taxes from January 1, 1991 to May 2, 1995. The

IRS claims that Moran owes Trust Fund Recovery Penalties ("TFRPs") balances for periods

ending in 12/31/92 (the "9212 assessments") and 12/31/94 (the "9412 assessments"), while

Moran contends that the trust fund portion of the taxes from the Corporation was already paid



and that the IRS failed to give him full credit for his payments. On September 12, 1994, the IRS assessed the TFRPs for the Corporation at $20,962.95 for the period ending in 12/31/91 and then later assessed the amount owed for the same period at $20,154.55. On May 2, 1995, the Corporation filed for Chapter 11 bankruptcy ans subsequently filed for Chapter 7 bankruptcy.

On February 13, 1999, Moran filed a timely request for a Collection Due Process hearing on the basis that the TFRPs for the corporation were previously paid. During the CDP hearing, the only issue addressed was whether the TFRPs had been paid. On May 17, 2000, the IRS issued Moran a Notice of Determination regarding the Corporation (the "Notice"). The IRS found that the amount due with penalty and interest was $2,794.28 for the period ending 12/31/92, and $12,379.75 for the period ending 12/31/94. The Notice stated that the initial balances without penalty were $1,985.23 and $10,875.39. The original amount of the TFRPs was $74,875.90, but now since no payment has been made, the figure has increased due to penalties. Within that same Notice, the IRS reminded Moran that he had filed a claim for a tax refund that contended that the TFRPs for the Corporation's employment taxes had "mostly been paid." Defendant's Local Rule 56.1 statement ("LRS") ¶ 1.

On June 16, 2000, Moran filed the present action to appeal the CDP hearing determination. The IRS asserts that although Moran filed a refund claim that stated that the TFRPs for the Corporation's employment taxes had "mostly been paid," Moran's then attorney, Wanda Zatopa ("Zatopa"), continued to argue that the TFRPs were completely paid. On June 4, 2003, this Court recommended that the parties attempt to settle this matter and to meet out of court and compare calculations. The parties met on: June 26, 2003 and July 15, 2003. Since those meetings, Moran has became a pro se litigant and has not suggested to the IRS that their calculations are incorrect. The IRS contends that after taking into account all abatements,

corporate payments, and any other credits, the assessed unpaid balance of the 9212 assessments

is now, without interest, $1,985.23. They also assert that since January 20, 2004, the balance due

for the 9212 assessments is $5,091.04, which consists of the assessed unpaid balance in the

amount of $1,985.23, and accrued interest in the amount of $3,105.83. Now, after taking into

account all abatements, corporate payments, and any other credits, the IRS states that the

assessed unpaid balance of the 9412 assessments is now, excluding interest, $10,795.39. As of

January 20, 2004, the balance due for the 9412 assessments is $17,779.18, consisting of the

assessed unpaid balance in the amount of $10,795.39, and accrued interest in the amount of

$6,983.79. Finally, the IRS asserts that interest on the balance of 9212 and 9412 will continue to

accrue until paid in full.

Moran asserts that at the CDP hearing he unsuccessfully attempted to raise other issues.

The three issues Moran wants the court to consider are: (1) whether the IRS erred in its initial

assessment and subsequent abatements; (2) whether Moran was a willful party; and (3) whether

the complete abatement of the TFRP for the period ending 12/31/94 against responsible party is a

total abatement of that period.

## DISCUSSION

I.      Standard for Motion for Summary Judgment

Summary judgment should be granted when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 56 (c). When making such a determination, the court must construe the

evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however,

when the non-moving party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); See also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II.     Collection Due Process Hearing Determination

The only issue before this Court is the sole issue addressed in the CDP hearing–whether the TFRPs were paid. "[I]n seeking . . . district court review of Appeals' Notice of Determination, the taxpayer can only ask the court to consider an issue that was raised in the taxpayer's CDP hearing." 26 C.F.R. § 301.6330-1(f). It is clear that "judicial review is limited to those issues properly raised during the collection process hearing . . . [even if a]n appeals officer's determination concerning the existence or amount of a taxpayer's trust fund recovery penalty liability is reviewed de novo." Konkel v. Commissioner, No. 6:99-CV-1026-ORL-31C, WL 1819417 at 8 (M.D. Fla. Nov. 6, 2000). Therefore, even if a court in its de novo hearing of a CDP determination, may hear evidence not presented to the Appeals Officer, it may not consider issues which the taxpayer never raised. Washington v. Commissioner, 120 T.C. 114, 122-23 (2003). Here, the only issue that was properly raised in the CDP hearing was whether the TFRPs for the Corporation were paid.

Here, although the parties' tax calculation numbers do not match, Moran provides no evidence of payment to create an issue of fact and therefore, summary judgment must be granted. Furthermore, it is Moran's contention that the IRS's tax calculations are wrong. Moran provides absolutely no evidence, records, or accounts of the calculations showing that the calculations were wrong or that the taxes were paid, he just states the numbers are wrong. "A party seeking a refund of a partial payment of a Section 6672 penalty assessment or the invalidation of that

assessment has the burden of proving that the penalty assessment was erroneous." Bernardi v. United States, 33 A.F.T.R.2d (P-H) 523, 525 (N.D. Ill. 1973), aff'd, 507 F.2d 682 (7th Cir. 1974), cert. denied, 422 U.S. 1042 (1975). Furthermore, the Court in Ruth v. United States, 823 F.2d 1091, 1093 (7th Cir. 1987) stated that "after the government decides who is liable, then that taxpayer has the burden of proof." Moran did go over his numbers with the IRS, however, after the IRS corrected Moran on the calculations, Moran provided them with no other calculations. Rather he contends merely that the numbers are wrong with no proof to support his assertion.

The IRS asserts that to date after taking into account all abatements, corporate payments, and any other credits, the assessed unpaid balance of the 9212 assessments is, without interest, $1,985.23. Additionally, since January 20, 2004, the balance due for the 9212 assessments is now $5,091.04 which consists of the assessed unpaid balance in the amount of $1,985.23 and accrued interest in the amount of $3,105.83. After taking into account all abatements, corporate payments, and any other credits, the IRS states that the assessed unpaid balance of the 9412 assessments is now, excluding interest, $10,795.39. As of January 20, 2004, the balance due for the 9412 assessments is $17,779.18, consisting of the assessed unpaid balance in the amount of $10,795.39 and accrued interest in the amount of $6,983.79. These collection figures are supported by the extensive Certificates of Official Record (including years of 1991, 1992, 1993, and 1994) provided to this Court by the IRS. These records include statement of complete assessments, credits and debits for the Company. The IRS also provided the Court their Civil Penalty Records from 1991, 1992, 1993, 1994, which include a breakdown of interest and penalties assessed against the Corporation. Furthermore, the IRS's has provided this Court with letters from the IRS to Moran regarding the CDP determination, statements from the IRS to Nancy Moran, (Moran's wife), IRS reports, and affidavits to support their claim. Whereas,

Moran has provided no evidence–no bank statements, pay stubs, etc.-that would indicate

payment to the IRS. In fact, the information provided by Moran is nothing more than copies of

documents from the IRS which support the IRS's calculations. Since Moran has provided no

evidence of payment or to create an issue of fact, summary judgment must be granted.

CONCLUSION

For the reasons set forth above, the IRS's Motion for Summary Judgment is granted.


ENTER:

George M. Marovich
United States District Judge

DATED: Aug. 25, 2004